**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THE STROH BREWERY COMPANY,
Plaintiff-Appellee,

v.

WESTERN MARYLAND DISTRIBUTING
COMPANY, INCORPORATED,
Defendant-Appellant,

and                                                          No. 96-2705

ALLEGANY BEER DISTRIBUTORS,
INCORPORATED,
Defendant,

v.

FREDERICK P. WINNER, LIMITED,
Third Party Defendant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-95-2211-L)

Argued: October 28, 1997

Decided: December 3, 1997

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Stephen Carroll Wilkinson, WILKINSON & MILLER, P.C., Cumberland, Maryland, for Appellant. Thomas Matthew Wilson, III, TYDINGS & ROSENBERG, L.L.P., Baltimore, Maryland, for Appellee. **ON BRIEF:** Joseph F. Miller, WILKINSON & MILLER, P.C., Cumberland, Maryland, for Appellant. J. Hardin Marion, Michael H. Tow, TYDINGS & ROSENBERG, L.L.P., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arises out of a diversity declaratory judgment action brought by The Stroh Brewery Company against Western Maryland Distributing Company, Inc., and its co-defendant, Allegany Beer Distributors, Inc. Western Maryland appeals from the district court's grant of summary judgment in favor of Stroh. We affirm.

Stroh brews beer. In 1993, Stroh and Allegany entered into a franchise agreement whereby Allegany became the exclusive distributor of Stroh products in Allegany County, Maryland. This agreement required Allegany to obtain prior written consent from Stroh before Allegany could effect any significant "control change," including the transfer of Allegany's rights under the franchise agreement to another party. The franchise agreement provided that Allegany must notify a prospective transferee about the agreement and the consent provisions therein. By its terms, the franchise agreement would automatically terminate upon the occurrence of a control change to which Stroh had not given its prior written consent. Although Stroh agreed not to unreasonably withhold its approval, it reserved the right to disapprove any control change that it believed, in good faith, was adverse to its business interests.

2

On June 9, 1995, Allegany notified Stroh of its intention to transfer its assets, including its rights under the franchise agreement, to Western Maryland. On June 16, Stroh responded to Allegany by requesting information about Western Maryland. For the approval process to move forward, Allegany would have to provide the requested information to Stroh. On June 27, Allegany and Western Maryland signed an acquisition agreement that called for closing on July 15, but expressly allowed that date to be pushed back until approval was obtained from the breweries with which Allegany had franchise rights. Finally, on July 14, Western Maryland and Allegany went to closing on the acquisition agreement without Stroh's written consent, Western Maryland never having read the franchise agreement between Stroh and Allegany.

Between June 9 and July 14, Western Maryland had several contacts with Stroh employees, including Stroh's local representative, its credit manager, and a records coordinator at Stroh's headquarters. None of the Stroh personnel stated that Stroh had decided to approve Western Maryland. At most they stated that they knew of no problems, or that they had recommended approval. Relying on its past experience in the industry, and thinking that these conversations signaled forthcoming approval, Western Maryland closed the deal with Allegany. Stroh thereafter terminated its review process and treated the control change as having terminated any rights under the franchise agreement. Stroh eventually contracted with Frederick P. Winner, Ltd., a third-party defendant, as its new distributor for Allegany County.

Stroh filed this action against Allegany and Western Maryland, seeking a declaration that Allegany's distributorship had terminated under the terms of the franchise agreement, that Western Maryland had no rights thereunder, and that Allegany had no rights under the Maryland Beer Franchise Fair Dealing Act, Md. Ann. Code art. 2B, § 17-101 et seq. (1996) (the "Beer Franchise Act"). Allegany asserted no counterclaims. Western Maryland, however, did counterclaim, asserting breach of contract, estoppel, fraudulent and negligent misrepresentation, malicious interference with contract, and violation of the Beer Franchise Act.*

_____

*Additional claims by Stroh involving Lanham Act violations and additional counter-claims by Western Maryland involving antitrust violations were dismissed without prejudice pursuant to a consent order dated December 4, 1996.

In a careful, well-reasoned opinion, the district court granted summary judgment to Stroh on its claims and Western Maryland's counterclaims. Western Maryland appeals only from the district court's order with regard to its claims of estoppel, fraudulent and negligent misrepresentation, and violation of the Beer Franchise Act. The district court concluded that: (1) the estoppel, fraudulent and negligent misrepresentation claims failed because no fair-minded jury could find that Western Maryland reasonably relied on the statements or conduct of Stroh's employees in closing its deal with Allegany; (2) the fraudulent misrepresentation claim also failed because no evidence existed that Stroh's statements were false when made or reflected false intentions; (3) the negligent misrepresentation claim also failed because no duty of care ran from Stroh to Western Maryland; and (4) the Beer Franchising Act claim failed because Western Maryland lacked standing to pursue it -- an agreement between Stroh and Western Maryland never existed -- and the Act does not address the transfer of franchise rights. Having reviewed the record, briefs, and relevant statutes and case law, and having had the benefit of oral argument on the matter, we conclude that the district court's rulings were correct. Accordingly, we affirm on the reasoning of the district court opinion. See Stroh Brewery Co. v. Allegany Beer Distributors, Inc., Civil Action No. L-95-2211 (D. Md. Oct. 15, 1996).

AFFIRMED

4